1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    DERRICK JACKSON,                          Case No.  23-cv-00782-HSG

8                    Petitioner,               **ORDER DENYING REQUEST FOR**
                                               **RECONSIDERATION; REQUIRING**
9            v.                                **RESPONDENT TO SHOW CAUSE**

10   T. JOHNSON, Warden.,

11                   Respondent.

12

13           Petitioner, an inmate at Folsom State Prison in Represa, California, filed this *pro se*

14   petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2012 state court

15   conviction from Contra Costa County.  For the reasons set forth below, the Court orders

16   Respondent to file an answer to the petition.

17                                      **DISCUSSION**

18   **A.      Background**

19           Petitioner commenced this action on or about February 21, 2023, when he filed a petition

20   for a writ of habeas corpus.  Dkt. No. 1.  The Court screened the petition and found that it stated the

21   following three claims for federal habeas relief:  (1) Petitioner's conviction was the result of an

22   illegal search and seizure, in violation of the Fourth and Fourteenth Amendments; (2) "cellphone:

23   warrantless seizure of contents impermissible fruits of a poisonous tree 4th and 14th Amendment;"

24   and (3) the prosecutor's use of perjured testimony violated the Fifth and Fourteenth Amendments.

25   *See generally* Dkt. Nos. 1, 9.  The Court dismissed the first two claims for failure to state a claim,

26   citing to *Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976), which bars federal habeas review of

27   Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation

28   of those claims, and to *Gordon v. Duran*, 895 F.2d 610, 613 (9th Cir. 1990), which holds that

*United States District Court*
*Northern District of California*

California state procedure, specifically Cal. Penal Code § 1538.5, provides an opportunity for full litigation of any Fourth Amendment claim. The Court found that the third claim – that the prosecutor committed prosecutorial misconduct by knowingly presenting perjured testimony from Officer Van Diver – stated a cognizable claim for federal habeas relief. Dkt. No. 9 at 3-4. The Court noted that the petition appeared to be both unexhausted and untimely for the following two reasons. First, in response to the form petition's question "If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why," Petitioner appeared to imply that he had not exhausted his claims in the state court, writing in response, "None ineffective assistance of counsel." Dkt. No. 1 at 5. Second, according to the petition, Petitioner's conviction was final sometime in 2014 when the California Supreme Court denied his petition for review, yet this federal habeas petition was filed nearly a decade later in 2023. Dkt. No. 9 at 4-5. The Court therefore ordered Petitioner to show cause why this petition should not be dismissed either for failure to exhaust state court remedies as required by 28 U.S.C. § 2254(b) and/or as untimely pursuant to 28 U.S.C. § 2244(d)(1). *See generally* Dkt. No. 9.

**B.      Order to Show Cause**

Petitioner has filed a response to the Court's Order to Show Cause. Dkt. No. 10. In the response, Petitioner alleges that he exhausted state court remedies by filing a state habeas petition with the California Supreme Court, which was denied on August 10, 2022, and that this petition should not be dismissed as untimely because his trial had constitutional errors and he is actually innocent. Dkt. No. 10 at 3-5. The state habeas petition considered by the California Supreme Court is not in the record, so the Court cannot determine whether Petitioner has exhausted state court remedies for his claim. A federal habeas court may reach the merits of claims filed in federal court after the AEDPA one-year statute of limitations has run if the failure to hear the claims would constitute a "miscarriage of justice," *see McQuiggin v. Perkins*, 569 U.S. 383, 391-93 (2013), which the Supreme Court has defined as "a constitutional violation has probably resulted in the conviction of one who is actually innocent," Schlup v. Delo, 513 U.S. 298, 327 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Because it is unclear from the record whether the petition is exhausted or timely, the Court ORDERS Respondent to show cause why

the petition for a writ of habeas corpus should not be granted on the sole cognizable claim for federal habeas relief:  the prosecutor committed prosecutorial misconduct by knowingly presenting perjured testimony from Officer Van Diver.

**C.      Request for Reconsideration and Appointment of Counsel**

In his response, Petitioner makes the following two additional requests.

First, Petitioner requests that the Court reconsider its dismissal of his first and second Fourth Amendment claims for the following reasons.  Petitioner argues that California provides "'no corrective procedures at all to redress' claims of the sort that Petitioner has raised;" that the state provides no """"reasoned method of inquiry into relevant questions of fact and law;"""" that the processes provided by California to litigate Fourth Amendment claims are routinely or systematically applied in such a way as to prevent actual litigation of such claims on the merits; that any waiver of the Fourth Amendment claims by Petitioner precludes a finding that there was a full and fair opportunity to litigate the Fourth Amendment claim; and if the failure to raise the Fourth Amendment claim was due to ineffective assistance of counsel, the Fourth Amendment claim is therefore not barred by *Stone*.  Dkt. No. 10 at 2.  The Court DENIES Petitioner's request to reconsider its dismissal of his Fourth Amendment claims as not cognizable in federal habeas. Petitioner's arguments are vague and conclusory.  Petitioner has not provided any details supporting his assertion that California has applied Cal. Penal Code § 1538.5 in such a manner to make its provisions effectively unavailable to litigants, or explained how he was prevented from litigating his Fourth Amendment claims.  Petitioner also misunderstands the *Stone* rule.  In deciding whether the *Stone* rule applies, "[t]he relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided."  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996).  Courts have found no opportunity for full and fair litigation in state court only in exceptional cases.  *See, e.g., Anderson v. Calderon*, 232 F.3d 1053, 1068 (9th Cir. 2000) (petitioner did not benefit from opportunity for full and fair litigation in California courts because Fourth Amendment claim at issue did not exist until years after petitioner's arrest and trials).  Petitioner's conclusory and unsupported allegation that California has applied its laws in such a manner as to deny litigants a

1    full and fair opportunity to litigate Fourth Amendment claims fails to state a cognizable habeas

2    claim. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not

3    supported by a statement of specific facts do not warrant habeas relief.").

4          Second, Petitioner has requested appointment of counsel.  He alleges that if counsel were

5    appointed, the Court would see that his constitutional rights have been violated.  Dkt. No. 10 at 5.

6    Petitioner's request for appointment of counsel is DENIED.  The Sixth Amendment's right to

7    counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728

8    (9th Cir. 1986).  However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint

9    counsel to represent a habeas petitioner whenever "the court determines that the interests of justice

10   so require" and such person is financially unable to obtain representation.  The decision to appoint

11   counsel is within the discretion of the district court. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th

12   Cir. 1986); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).  The

13   courts have made appointment of counsel the exception rather than the rule by limiting it to: (1)

14   capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and

15   factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners;

16   (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5)

17   cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex

18   cases. *See generally* 1 J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and Procedure* §

19   12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only when the circumstances of a

20   particular case indicate that appointed counsel is necessary to prevent due process violations. *See*

21   *Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965).  Here, the

22   circumstances of this case does not indicate that appointment of counsel is mandatory.  This action

23   does not fall within the six exceptions enumerated above.  The petition alleges a single claim of

24   prosecutorial misconduct error and does not raise any complex legal questions.  Petitioner's

25   request for appointment of counsel is DENIED without prejudice to the Court's *sua sponte*

26   appointment of counsel should the interests of justice so require.

27   //

28   //

United States District Court
Northern District of California

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1.      The Court DENIES Petitioner's request for reconsideration of the Court's dismissal of Petitioner's Fourth Amendment claims as not cognizable in federal habeas, and DENIES Petitioner's request for appointment of counsel.  Dkt. No. 10 at 2, 5.

2.      The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email address:  SFAWTParalegals@doj.ca.gov.  The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.  The Clerk shall serve by mail a copy of this order on Petitioner.

3.      Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim(s) found cognizable herein.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

4.      Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

5.      Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

　　　　　6.　　　Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

　　　　　**IT IS SO ORDERED.**

Dated:　9/27/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge