UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK JACKSON,<br>         Petitioner,<br>v.<br>ROB BONTA, et al.,<br>         Respondent. | Case No. 23-cv-00782-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AS UNTIMELY; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 12 |

Petitioner, an inmate at Folsom State Prison, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2012 state court conviction from Contra Costa County. Dkt. No. 1. Now pending before the Court is Respondent's motion to dismiss the habeas petition as barred by the statute of limitations. Dkt. No. 12. Petitioner has not filed an opposition, and the deadline to so has since passed. For the reasons set forth below, the Court GRANTS Respondent's motion to dismiss, Dkt. No. 12, and DISMISSES the petition as untimely.

## DISCUSSION

### I. Procedural Background

A Contra Costa jury found petitioner guilty of one count each of using a minor for commercial sex acts (Cal. Penal Code § 311.4(b)), possession of obscene matter depicting minors engaging in or simulating sexual conduct (Cal. Penal Code § 311.1(a)), furnishing methamphetamine to a minor (Cal. Health & Safety Code § 11380(a)), and possession of methamphetamine (Cal. Health & Safety Code § 11377(a)), and three counts of unlawful sexual intercourse with a minor more than three years younger than Petitioner (Cal. Penal Code § 261.5(c)). The trial court found true that Petitioner had two prior serious felony convictions (Cal. Penal Code § 667(a)(1)) that also qualified as "strikes" (Cal. Penal Code §§ 667(b)-(i), 1170.12),

and had served two prior prison terms (Cal. Penal Code § 667.5(b)). On April 27, 2012, the trial court sentenced petitioner to thirty-five years to life in state prison. *People v. Jackson*, C No. A135488, 2014 WL 3510597, at *1 (Cal. Ct. App. Jul. 15, 2014).

Petitioner appealed the conviction and judgment, arguing that (1) the trial court abused its discretion and violated his constitutional rights to due process and a fair trial when it removed his first attorney due to a perceived conflict of interest, and (2) the trial court abused its discretion when it denied his motions for a mistrial and a new trial on the three unlawful sexual intercourse counts due to prosecutorial misconduct. *See generally Jackson*, 2014 WL 3510597. On July 16, 2014, the California Court of Appeal affirmed the judgment in an unpublished decision. *Id.*

Petitioner filed a petition for review with the California Supreme Court, raising the same claims as raised on direct appeal. On October 1, 2014, the California Supreme Court denied review. Dkt. No. 12 at 33-73. Petitioner does not report filing a petition for a writ of certiorari.

According to the petition, on an unspecified date, Petitioner filed an *ex parte* motion for disposition of fines in the superior court pursuant to California Penal Code section 1205(a), but received no response, Dkt. No. 1 at 3, and on a separate unspecified date, Petitioner filed a motion for modification of sentence pursuant to Cal. Penal Code § 1170, California Senate Bill 1393, California Senate Bill 1618, and Proposition 57, which was denied on February 28, 2020. Dkt. No. 1 at 4.

On May 6, 2022, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which raised the following challenges to his conviction: (1) his home was illegally searched without a proper warrant and without probable cause, in violation of the Fourth and Fourteenth Amendments; (2) the contents of his cellphone were inadmissible because they were the result of an unconstitutional search and because a judge had previously ruled that the contents were the fruits of a poisonous tree, in violation of the Fourth and Fourteenth Amendment and the collateral estoppel doctrine; (3) the prosecutor used perjured testimony in violation of the Sixth and Fourteenth Amendment. Dkt. No. 12 at 75-111. On August 10, 2022, the California Supreme Court denied the habeas petition as untimely, citing to *In re Robbins*, 18 Cal.4th 770, 780 (1998). Dkt. No. 10 at 4.

1    On or about February 4, 2023, Petitioner filed this action seeking a petition for a writ of
2    habeas corpus. Dkt. No. 1. This petition raises the same claims as raised in the state habeas
3    petition filed with the California Supreme Court on May 6, 2022. The Court dismissed the first
4    two claims for failure to state cognizable federal habeas claims because *Stone v. Powell*, 428 U.S.
5    465, 481-82, 494 (1976), bars federal habeas review of Fourth Amendment claims unless the state
6    did not provide an opportunity for full and fair litigation of those claims; California state
7    procedure provides an opportunity for full litigation of any Fourth Amendment claim; and the
8    exhibits to the petition indicated that Petitioner was able to raises these issues during the
9    underlying state court proceedings. Dkt. No. 9 at 3. The Court found that the petition's third
10   claim – that the prosecutor committed prosecutorial misconduct by knowingly presenting perjured
11   testimony from Officer Van Diver – stated a cognizable claim for federal habeas relief. *Id.* In the
12   screening order, the Court noted that the record was unclear as to whether Petitioner had exhausted
13   state court remedies for the prosecutorial misconduct claim; and that the petition appeared to be
14   untimely, as Petitioner's conviction appeared to have been final sometime in 2014, and nothing in
15   the record thus far indicated that Petitioner was entitled to delayed commencement of the
16   limitations period. The Court ordered Petitioner to show cause why the petition should not be
17   dismissed either for failure to exhaust state court remedies as required by 28 U.S.C. § 2254(b),
18   and/or as untimely pursuant to 28 U.S.C. § 2244(d)(1). *See generally* Dkt. No. 9. Because
19   Petitioner's response to the order to show cause failed to conclusively address either issue, the
20   Court ordered Respondent to show cause why the petition for a writ of habeas corpus should not
21   be granted on the prosecutorial misconduct claim. Dkt. Nos. 10, 11.

22   **II.   AEDPA's Statute of Limitations**

23   This petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996
24   ("AEDPA") because the petition was filed after AEDPA became law on April 24, 1996. AEDPA
25   imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by
26   state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences
27   must be filed within one year of the latest of the date on which the judgment became final after the
28   conclusion of direct review or the time passed for seeking direct review. 28 U.S.C.

§ 2244(d)(1)(A). As discussed in further detail below, in certain cases, the commencement of the limitations period can be delayed, *see* 28 U.S.C. § 2244(d)(1)(B)-(D); the limitations period can be statutorily tolled, *see* 28 U.S.C. § 2244(d)(2); or the limitations period can be equitably tolled. In addition, the untimeliness of a petition can be excused if the petitioner demonstrates that he qualifies for the miscarriage of justice exception set forth in *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

**III. Motion to Dismiss**

Respondent argues that this habeas petition is barred as untimely because the statute of limitations period expired on December 30, 2015, and Petitioner filed this action over seven years later, on February 14, 2023; because Petitioner is not entitled to statutory tolling for the *ex parte* motion for disposition of fees, the motion for modification of his sentence, or the 2022 habeas petition filed in the California Supreme Court because these three filings were all filed after the limitations period expired; and because Petitioner has not made a showing of actual innocence. *See generally* Dkt. No. 12. Petitioner has not responded to the motion to dismiss. However, in his July 31, 2023 response to the Court's June 30, 2023 Order to Show Cause, Petitioner argued that his untimeliness is excused because constitutional errors were made and he is actually innocent:

> I was asked to respond as to why my writ should not be dismissed for being untimely. To my understanding constitutional errors and actual innocence provide me the reasons why my writ should not be dismissed. If I could just be provided with counsel you will see my 4th, 5th, 6th, 8th 13th and 14th amendments of the U.S. Constitution have been violated. A search is illegal in the beginning. A lie is a lie no matter what.
> Concord police showed up to my home without a warrant. Contra Costa County District Attorney's Office help them break the law and all this happened under Mark A. Peterson reign. Both deputy district attorneys in my case took orders from him.

Dkt. No. 10 at 5.

For the reasons set forth below, the Court GRANTS the motion to dismiss the petition as untimely and barred by the statute of limitations.

Petitioner's conviction became final on December 30, 2014, ninety days after the California Supreme Court denied review on October 1, 2014. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final ninety days after the California Supreme Court denied review). Petitioner therefore

4

1 had until December 30, 2015 to file his federal habeas petition. This petition, filed on or about
2 February 4, 2023, is over seven years late and therefore untimely. Petitioner has not demonstrated
3 that he is entitled to delayed commencement of the tolling period, statutory tolling of the
4 limitations period, or equitable tolling, and he has not demonstrated that he qualifies for the
5 miscarriage of justice exception set forth in *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

### A. Delayed Commencement of Limitations Period

28 U.S.C. § 2244(d)(1)(B)-(D) provides for delayed commencement of the limitations period where unconstitutional state action prevented a petitioner from timely filing, or where the habeas petition relies on a constitutional right newly recognized by the Supreme Court and made retroactive to cases on collateral review, or where the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B)-(D). None of these circumstances is present here. Petitioner has not argued, and nothing in the record suggests, that unconstitutional state action prevented him from raising his prosecutorial misconduct claim. The prosecutorial misconduct claim does not rely on a newly recognized constitutional right. Finally, Petitioner has been aware of the factual predicate of the claim since the trial. Specifically, the prosecutorial misconduct claim argues that the prosecutor knew that Officer Van Diver's trial testimony regarding his discovery of Petitioner's phones was false because it was different from Officer Van Diver's preliminary hearing testimony and Jane Doe's testimony. The exhibits to the petition indicate that defense counsel argued at trial that he should be allowed to impeach Officer Van Diver with his preliminary hearing testimony. Dkt. No. 12 at 103-108. Petitioner is not entitled to delayed commencement of the limitations period.

### B. Statutory Tolling of Limitations Period

The limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, the filing of state collateral proceedings after the limitations period has expired does not restart the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was

5

timely filed); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (same).

The limitations period expired on December 30, 2015. The record does not indicate any applications for State post-conviction or other collateral review filed prior to December 30, 2015. The state habeas petition, the motion for modification of sentence, and the motion regarding disposition of fees therefore cannot reinitiate the limitations period. *See Ferguson*, 321 F.3d at 823. The state habeas petition was filed on May 6, 2022; the motion for modification of sentence was necessarily filed after the limitations period expired because it was filed pursuant to California Senate Bill 1393, which became effective on January 1, 2019; and nothing in the record indicates that Petitioner's motion regarding disposition of fees[1] was filed prior to December 30, 2015. Petitioner is not entitled to statutory tolling of the limitations period.

### C.     Equitable Tolling of Limitations Period

AEDPA's statute of limitations, is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). To satisfy the first prong under *Holland*, a litigant must show "that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598-599, 601 (9th Cir. 2020) (rejecting prior stop-clock approach for evaluating when a petitioner must be diligent). With respect to the second *Holland* prong, equitable tolling may be the proper remedy "only when an extraordinary circumstance prevented a petitioner from acting with reasonable diligence from making a timely filing." *Id.* at 600. The Ninth Circuit has held that the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The prisoner also must show that "the extraordinary

---

[1] Petitioner also has not demonstrated that a motion regarding disposition of fees constitutes a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2).

circumstances were the cause of his untimeliness and that the extraordinary circumstances ma[de] it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (alteration in original) (internal quotation marks and citation omitted).

Presumably, Petitioner seeks to argue that he is entitled to equitable tolling because constitutional errors were made and he is actually innocent, as he argued in his response to the Order to Show Cause. Dkt. No. 10 at 5. However, neither of these arguments entitles him to equitable tolling, and he has not demonstrated that either has merit. Petitioner has not demonstrated that he has been diligently pursuing his rights since 2015. Nor has he explained how constitutional error and actual innocence prevented him from bringing his prosecutorial misconduct claim when he learned of it at trial. Finally, Petitioner appears to argue that counsel could help him better articulate his claims. However, a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Petitioner is not entitled to equitable tolling of the limitations period.

### D. Miscarriage of Justice Exception

A federal court may hear the merits of untimely claims if the failure to hear the claims would constitute a "miscarriage of justice." *See McQuiggin v. Perkins*, 569 U.S. 383, 391-93 (2013) (holding that miscarriage of justice (actual innocence) showing applies to claims filed after the AEDPA statute of limitations has run, as well as to successive, abusive and procedurally defaulted claims). By the traditional understanding of habeas corpus, a "miscarriage of justice" occurs whenever a conviction or sentence is secured in violation of a constitutional right. *See Smith v. Murray*, 477 U.S. 527, 543-44 (1986). However, in *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court limited the "miscarriage of justice" exception to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). In order to pass through the *Schlup* gateway, "a petitioner must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Id*. at 314–15 (omission in original) (quoting *McCleskey v.*

7

*Zant*, 499 U.S. 467, 494 (1991)). The evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 316. A petitioner must support his claims "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id*. at 324.

Petitioner states conclusorily that he is actually innocent, Dkt. No. 10 at 5, but has not presented any new reliable evidence of his actual innocence. Rather, his actual innocence claim relies on the legal argument that the prosecutor engaged in misconduct by knowingly presenting perjured testimony. Petitioner is not entitled to the miscarriage of justice exception to application of the limitations period.

This federal habeas action is untimely by over seven years. Petitioner has not demonstrated that he is entitled to delayed commencement of the limitations period; to statutory or equitable tolling of the limitations period; or to the miscarriage of justice exception allowing federal courts to hear untimely claims. The Court therefore GRANTS the motion to dismiss the petition as untimely, Dkt. No. 12, and DISMISSES this petition as untimely.

**CERTIFICATE OF APPEALABILITY**

The Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

**CONCLUSION**

The Court DISMISSES this petition as barred by the statute of limitations set forth in AEDPA, and DENIES a certificate of appealability. The Clerk shall enter judgment in favor of Respondent and against Petitioner, and close the case.

**IT IS SO ORDERED.**

Dated:   6/17/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

8